## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

| | | |
|---|---|---|
| LAKISHA CLEVELAND | * | |
| *Mother of XW, Minor*, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | No. 4:17cv00582-JJV |
| NANCY A. BERRYHILL, | * | |
| Acting Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Lakisha Cleveland brought this action pursuant to 42 U.S.C. § 405(g), on behalf of her minor child, XW, for review of the final decision of the Social Security Administration's denial of her claim for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1382c(a)(3).

**I.  BACKGROUND**

XW was previously found to be disabled on December 30, 2009, but at the age of eight years old, on October 31, 2014, the Commissioner determined he was no longer disabled. (Tr. 58-59.) Plaintiff now appeals the Commissioner's decision through this cause of action. (Doc. No. 2.)

On June 16, 2016, the Administrative Law Judge (ALJ) rendered a decision finding Plaintiff's son was not disabled. (Tr. 19-34) The ALJ noted that XW was determined to be disabled on December 30, 2009 – the comparison point decision (CPD). (Tr. 22.) XW was disabled because of speech and language delays pursuant to section 111.09 of 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*) But medical improvement had occurred as of November 1, 2014. (Tr. 22-23.) Previously XW had extremely low tests scores in language and speech, but most

recent tests showed "the claimant has age appropriate skills resulting in conversational speech that is intelligible 75% of the time or more" and "[h]is cognitive skills measure in the average range." (Tr. 23.) Accordingly, the ALJ found XW did not have an impairment or combination of impairments that functionally equaled a listed impairment. (Tr. 23, 29-34.) Thus, the ALJ found XW's disability ended as of November 1, 2014, and he had not become disabled again since that date. (Tr. 34.) When the Appeals Council concluded on March 2, 2015, that no basis existed for review of the ALJ's decision, the ALJ's decision became the Commissioner's final administrative decision subject to judicial review. (Tr. 1-3); *See* 42 U.S.C. § 405(g).

## II.   STANDARD OF REVIEW

The role of the Court under 42 U.S.C. § 405(g) is to determine whether there is substantial evidence in the record to support the decision of the Commissioner, and not to re-weigh the evidence or try the issues de novo. *See Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). If substantial evidence supports the Commissioner's findings and they are conclusive, the Court should affirm them. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reverse a prior determination based only on a finding that substantial evidence would support an opposite decision. *See Prosch*, 201 F.3d at 1012; *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996). Consequently, the Court's review of this case is limited and deferential to the Commissioner. *See Ostronski v. Chater*, 94 F.3d 413, 416 (8th Cir. 1996).

In determining whether an impairment or combination of impairments functionally equals the listings, the ALJ must have assessed the claimant's functioning in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating

with others; (4) moving about and manipulating items; (5) caring for himself; and (6) health and physical well-being.  20 C.F.R. § 416.926a(b)(1).

To functionally equal a listed impairment, the plaintiff's impairment or combination of impairments must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain.  20 C.F.R. § 416.924(d).  Plaintiff has the burden of proving disability. *See* 42 U.S.C. § 1385c(a)(3)(A); *Ingram v. Chater*, 107 F.3d 598, 601 (8th Cir. 1997).  A claimant must meet all of the specified medical criteria of the particular listing.  *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).  The standard for medical equivalency is similarly demanding.  In order to equal a listing, plaintiff must present medical findings equal in severity to all the criteria of the listed impairment.  *Marciniak v. Shalala*, 49 F.3d 1350, 1351 (8th Cir. 1995) (citing *Sullivan*, 493 U.S. at 530 (an impairment does not meet or equal a listing if it has only some of the medical criteria, no matter how severe)).

After careful consideration of the record and pleadings in this case, I find the decision of the Commissioner is supported by substantial evidence.

### III.   ANALYSIS

In support of the Complaint, Plaintiff raises the following issue: whether substantial evidence supports the ALJ's Step Three decision that "Plaintiff's impairment does not equal the 111.09 communication impairment, associated with documented neurological disorder or the functional equivalent in the six childhood domains."

####   A.   Listing 111.09 (Communication impairment)

A communication impairment must be associated with documented neurological disorder and one of the following:

    A.  Documented speech deficit that significantly affects (see 111.00K1) the clarity and content of the speech.

    OR

    B.  Documented comprehension deficit resulting in ineffective verbal communication (see 111.00K2) for age.

    OR

    C.  Impairment of hearing as described under the criteria in 102.10 or 102.11.

20 C.F.R. Pt. 404, Subpt. P, App 1, § 111.09.

    As previously recited, the ALJ concluded "the claimant has age appropriate skills resulting in conversational speech that is intelligible 75% of the time or more" and "[h]is cognitive skills measure in the average range." (Tr. 23.) The record supports the ALJ's conclusions here.

    Plaintiff testified at the administrative hearing that XW "brings home As and Bs." (Tr. 52.) She described him as "very high functioning and intelligent." (*Id.*)

    And in the Disability Hearing Officer's Report of Disability Hearing, Plaintiff reported that XW's "speech has improved a lot since the comparison point decision" and that "she understands everything he says now." (Tr. 83.) Plaintiff did indicate she thought XW still needed speech therapy to "address his tone," but her statements show XW has indeed improved as the ALJ concluded. (*Id.*)

    The Speech Language Evaluation Report completed by Leslea Clark, M.S. CCC-SLP, also supports the ALJ's conclusion that XW is no longer disabled. (Tr. 426-427.) Ms. Clark concluded, "Based on the results of this evaluation and my clinical observations, [XW] presents with average Receptive language skills, a moderate delay of Expressive language, yielding a mild delay of Core language skills." (Tr. 427.)

Jerrye Woods, M.D., completed a Childhood Disability Evaluation Form and found XW had no severe impairment. (Tr. 452-457.) And XW's teachers reported nothing to support a claim of disability. (Tr. 244-251, 298-306.)

## IV.   CONCLUSION

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 6th day of February, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE